**Keith T. WILHELM, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

No. 3:00CV7099.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 5, 2001.

Arvin J Pearlman, Pearlman & Pianin, Elaine L Livingway, Pearlman & Pianin, Southfield, MI, for Plaintiff.

James R. Carnes, Anspach, Serraino, Meeks & Nunn, Robert M. Anspach, Anspach, Serraino, Meeks & Nunn, Toledo, OH, for Defendant.

## ORDER

CARR, District Judge.

This is an FELA case in which, following the granting of the defendant's motion for summary judgment, the plaintiff has filed a motion for reconsideration. That motion shall be denied.

Plaintiff, a locomotive engineer, claims that he is at risk of harm due to second hand smoke in a waiting area in the defendant's Walbridge, Ohio, yard. After defendant filed its initial motion for summary judgment, that motion was, on request of the undersigned, withdrawn to permit plaintiff to develop expert or other evidence regarding the dangers of secondhand smoke. Plaintiff did not develop any such evidence.

After defendant filed its renewed motion for summary judgment, I concluded that plaintiff had failed to show that it was more likely than not that the second hand smoke to which he was exposed was a health hazard. In passing, I noted that some other courts had taken judicial notice of the hazards to health posed by second hand smoke. I declined to take such notice because, inter alia, plaintiff had not shown the extent of his exposure in the waiting room.

Plaintiff now wants me to reconsider my decision, and grant him additional time to develop the evidence that he has not produced so far. In the alternative, he asks that I take judicial notice of the hazards to

him from the conditions in the waiting room.

Once again, I decline to do so. While it is likely that plaintiff is, at least from time to time, exposed to second hand smoke, and, indeed, that such exposure may be known to supervisors charged with enforcing the defendant's no-smoking policy, it would be entirely speculative to assume that such exposure is so extensive and recurrent that it creates a hazard to the plaintiff's well-being.

In any event, plaintiff's request comes to late. As defendant points out, it simply would not be appropriate to give him a third bite at the apple.

In light of the foregoing, it is

ORDERED THAT plaintiff's motion for reconsideration be, and the same hereby is denied.

So ordered.